## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Criminal No. 23-18-1 |
| JURON LITTLEJOHN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

AND NOW, this 6th day of December 2023, upon consideration of Defendant's Motion to Dismiss Indictment (ECF No. 17), and all papers submitted in support thereof and in opposition thereto, it is hereby **ORDERED** that such Motion is **DENIED**.[1]

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

---

[1] Defendant Juron Littlejohn was charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) on December 15, 2022. (ECF No. 1.) Section 922(g)(1) prevents those convicted of a crime punishable by a term of imprisonment exceeding one year from possessing a firearm. The convictions underlying the application of Section 922(g)(1) to Mr. Littlejohn include convictions for possession with intent to deliver a controlled substance in 2003, 2005, 2008, and 2011 among others. (ECF No. 22, p. 2.) Mr. Littlejohn was on probation when he was arrested for the charge now before this Court. (ECF No. 5, p. 7.)

Mr. Littlejohn's Motion to Dismiss Indictment rests on *New York State Rifle & Pistol Association v. Bruen*, requiring that firearms regulations be traceable to a historical tradition of analogous regulations, and the Third Circuit's recent decision in *Range v. Attorney General*. 142 S. Ct. 2111, 2126 (2022); 69 F. 4th 96 (3d Cir. 2023). The Third Circuit in *Range* found that barring Plaintiff Bryan Range from possessing a firearm due to a past conviction for filing false statements to obtain food stamps was a violation of his Second Amendment rights. 69 F.4th. This was a narrow decision, meant to apply only to "people like Range." *Id.* at 106.

It is clear that Mr. Littlejohn is not like Mr. Range. The crimes underlying Section 922(g)(1)'s application to Mr. Littlejohn presented a great danger to the community and are thus markedly dissimilar to making false statements. The Supreme Court has already opined on the inherent dangerousness of drugs and firearm possession, and this Court certainly agrees. *Smith v. United States*, 508 U.S. 223, 240 (1993). To read the *Range* decision to prohibit the

disarmament of dangerous and repeat offenders would be antithetical to the Third Circuit's direction that the decision be applied narrowly.  Additionally, the present alleged offense was committed while Mr. Littlejohn was fulfilling his term of supervised release and thus still subject to the supervision of the state.  *See Gall v. United States*, 552 U.S. 38, 48 (2007) (explaining that supervised release is a custodial component of a criminal sentence involving restrictions on liberty).  The Court cannot find Mr. Littlejohn's situation similar to that of the *Range* Plaintiff.  For these reasons, the Court will deny Defendant's Motion to Dismiss Indictment.